**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CLETO SIQUEIROS**, | No. 12-17024 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-02939-MMC |
| v. | |
| **WILLIAM KNIPP**, | MEMORANDUM[*] |
| Respondent-Appellee, | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted February 8, 2016
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: **TASHIMA** and **W. FLETCHER**, Circuit Judges and **GETTLEMAN**,[**] Senior District Judge.

California state prisoner Cleto Siqueiros appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to relief only if he demonstrates that the state court's denial of his claim was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner contends that his trial counsel provided him with ineffective assistance of counsel by failing to call as witnesses at trial his brother and wife. Accordingly, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To establish a successful ineffective assistance claim under *Strickland*, petitioner must have demonstrated both that trial counsel's conduct fell below an objective standard of reasonableness, and that a reasonable probability exists that,

---

[**] The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

but for counsel's substandard performance, the decision reached by the fact finder would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Because there are theories that could have supported the California Supreme Court's decision denying petitioner's request for habeas relief that fairminded jurists would not disagree are inconsistent with *Strickland*, petitioner's claims fail. *See Harrington*, 562 at 102. With respect to the first element of the *Strickland* standard – performance – the state court could reasonably have concluded that, given each of these witnesses' significant bias and credibility issues, counsel's decision not to call them as trial witnesses fell within an objective standard of reasonableness.

The state court could also have reasonably determined that petitioner did not suffer any prejudice from not having his brother and wife testify. In light of the victim's testimony that petitioner's wife and brother tried to persuade her to accuse someone else of the abuse, their testimony likely would have had a negligible effect on the victim's credibility. This is particularly true given petitioner's own testimony that he previously molested the victim, thereby corroborating the victim's testimony that abuse had occurred. Petitioner's confession also weakened the effect his wife's testimony would have had because, contrary to her declaration,

3

abuse had in fact occurred and was admitted by petitioner.  Consequently,

petitioner is not entitled to habeas relief.

**AFFIRMED.**